**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000497
20-APR-2018
09:01 AM**

NO. CAAP-16-0000497

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
STANLEY CANOSA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1524)

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Stanley Canosa (Canosa) appeals from the June 27, 2016 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit (Circuit Court).[1] After a jury trial, the Circuit Court convicted Canosa in Count 1 of Burglary in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 708-810 (2014),[2] and in Count 3 of Unauthorized Entry in a Dwelling, in violation of HRS § 708-

---

[1]    The Honorable Karen S.S. Ahn presided.

[2]    HRS § 708-810 provides, in relevant part:

    (1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:

        . . . .

        (c) The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

812.6 (Supp. 2010).[3] Canosa was sentenced to consecutive extended terms of imprisonment of twenty (20) years in Count 1 and ten (10) years in Count 3.

On appeal, Canosa argues that the Circuit Court erred in: (1) denying his motion for a mistrial; (2) denying his motion for judgment of acquittal; (3) sentencing him to consecutive and extended terms of imprisonment that were "harsher" than the sentence he received in his previous trial;[4] and (4) and admitting unduly prejudicial testimony during his post-trial sentencing hearing in violation of Hawaii Rules of Evidence (HRE) Rule 403.

After a careful review and consideration of the parties' arguments, the record on appeal, and legal authorities, we resolve Canosa's points on appeal as follows and affirm his conviction, but remand for resentencing.

1. The Circuit Court did not abuse its discretion by denying Canosa's motion for a mistrial. At trial, the Complaining Witness (CW) stated in response to an unrelated question her belief Canosa stole from her in the past. Both the State and Canosa objected and the court immediately struck the remark. The Hawai'i Supreme Court has held that "[w]hen an unresponsive or improper answer is given to a proper question, the remedy is a motion to strike." State v. Hashimoto, 46 Haw. 183, 195, 377 P.2d 728, 736 (1962). Furthermore, when a prosecution's witness makes an improper remark, "any harm or prejudice resulting to the defendant can be cured by the court's instructions to the jury. In such cases it will be presumed that the jury adhered to the court's instructions." State v. Samuel, 74 Haw. 141, 149 n.2, 838 P.2d 1374, 1378 n.2 (1992) (citation

---

[3] HRS § 708-812.6 then provided, in relevant part:

Unauthorized entry in a dwelling.

(1) A person commits the offense of unauthorized entry in a dwelling if the person intentionally or knowingly enters unlawfully into a dwelling with reckless disregard of the risk that another person was lawfully present in the dwelling, and another person was lawfully present in the dwelling.

[4] For clarity, two of Canosa's points of error were consolidated into one.

2

and internal quotation marks omitted). Given the promptness of the curative instruction we conclude that the Circuit Court did not abuse its discretion in denying Canosa's motion for mistrial.

2. The Circuit Court did not err in denying Canosa's motion for judgment of acquittal as, taking the evidence in the light most favorable to the prosecution, State v. Timoteo, 87 Hawai'i 108, 112-13, 952 P.2d 865, 869-70 (1997), there was substantial evidence of his intent to commit a crime.

The Hawai'i Supreme Court has held that, "[b]ased on the plain language of the statute and the historical development of the offense of burglary, . . . in order to sustain a burglary conviction, the evidence must show that the unlawful entry was effected for the purpose of committing an offense against a person or property rights." State v. Mahoe, 89 Hawai'i 284, 288, 972 P.2d 287, 291 (1998). "The intent to commit the offense must have existed at the time the unlawful entry was made." Id. "[T]he crime intended to be committed on the premises does not have to be committed in order to make the act of entering or remaining the crime of burglary, only the intent must be formed." State v. Robins, 66 Haw. 312, 314, 660 P.2d 39, 41 (1983) overruled on other grounds by State v. Robins, 66 Haw. 312, 660 P.2d 39 (1983). Canosa challenges his Burglary in the First Degree conviction because he argues "there was no evidence showing that [he] had an intent to commit a crime prior to allegedly entering the subject boat."

> We are thus drawn back to the oft-repeated proposition that, given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, "we have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."

State v. Stocker, 90 Hawai'i 85, 90, 976 P.2d 399, 406 (1999) (citation and some brackets omitted). From Canosa's conduct and inferences fairly drawn from all the circumstances, there was substantial evidence that Canosa intended to commit sexual assault while on the boat even if such an assault was not committed. Witnesses testified that Canosa entered the boat

3

without permission. CW testified that Canosa had previously encountered CW on-board the boat when Canosa had entered the boat without permission, that on the morning in question Canosa again entered the boat without permission, found CW asleep on the boat, held down the CW while trying to remove her pants and insert his fingers into her vagina, and only relented and left after CW tricked him into thinking her boyfriend had returned.

Based on the testimony of the State's witnesses and viewing all inferences in light most favorable to the State, the State provided sufficient evidence to show that Canosa intended to commit a crime against CW when he entered CW's boat. The Circuit Court did not err in denying Canosa's motion for judgment of acquittal.

3. Canosa argues that the Circuit Court abused its discretion by sentencing him to extended and consecutive terms of imprisonment, by imposing a new sentence that is more severe following retrial in violation of HRS § 706-609 (2014), and that the sentence was unconstitutionally cruel and unusual. Canosa does not challenge the Circuit Court's authority to impose either extended or consecutive terms nor does he dispute that the jury found the State proved beyond a reasonable doubt that Canosa was a multiple offender and that it was necessary for the protection of the public to extend his sentences. See HRS § 706-662 (2014); see also HRS § 706-664 (2014). Rather, without identifying any support presented in the record, Canosa argues only that "a ten year sentence for the burglary in the first degree and a five year sentence for unauthorized entry in a dwelling in the second degree, to run concurrently, would have been more than sufficient" in light of factors we presume Canosa gleaned from HRS § 706-606 (2014).[5]

---

[5] HRS § 706-606 requires that the sentencing court consider the following factors in determining the particular sentence to be imposed:

    (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    The need for the sentence imposed:

        (a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just
(continued...)

Given that the jury made the required factual findings under HRS § 706-662, it was within the Circuit Court's discretion to sentence Canosa to extended terms of imprisonment. See HRS § 706-661 (2014). Canosa fails to present specific argument with respect to the imposition of consecutive sentences. "[A]bsent clear evidence to the contrary, it is presumed that a sentencing court will have considered all the factors." State v. Hussein, 122 Hawaiʻi 495, 518, 229 P.3d 313, 336 (2010) (citation, internal quotation marks, ellipses, emphasis, and some brackets omitted). The Circuit Court indicated that it considered the HRS § 706-606 factors and, after doing so, concluded that "[Canosa] has shown himself to be a danger to the community." Given that the Circuit Court articulated on the record its reason for sentencing Canosa to consecutive terms of imprisonment, the Circuit Court did not abuse its discretion.

Canosa also argues the Circuit Court abused its discretion by imposing a new sentence that is more severe following retrial in violation of HRS § 706-609. HRS § 706-609 provides, "When a conviction or sentence is set aside on direct or collateral attack, the court shall not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence." "HRS § 706-609 prevents a sentencing court from issuing a more severe sentence after the initial sentence has been set aside upon review." Keawe v. State, 79 Hawaiʻi 281, 289, 901 P.2d 481,

---

⁵(...continued)
punishment for the offense;

    (b)    To afford adequate deterrence to criminal conduct;

    (c)    To protect the public from further crimes of the defendant; and

    (d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    The kinds of sentences available; and

    (4)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

489 (1995). Here, the Circuit Court imposed the same terms of imprisonment for each offense, but specified they be served consecutively, rather than the concurrent sentence in the prior trial. Thus, the relevant consideration is whether ordering the service of the same terms of imprisonment consecutively is more severe than a concurrent sentence.

In Keawe, the Hawai‘i Supreme Court determined that "[a] sentence is '[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted, usually in the form of a fine, incarceration, or probation.'" 79 Hawai‘i at 289, 901 P.2d at 489 (emphasis omitted) (quoting Black's Law Dictionary 1362 (6th ed. 1990)). There, the court held that resentencing to two consecutive five year terms of imprisonment from two concurrent extended ten year terms of imprisonment was not more severe because the maximum term of imprisonment was the same irrespective of negative parole implications for the latter. Id. at 290, 901 P.2d at 490.

In State v. Samonte, the Hawai‘i Supreme Court held extending the term of years on two counts after retrial violated HRS § 706-609 when the aggregate sentence was life without parole. 83 Hawai‘i 507, 543, 928 P.2d 1, 37 (1996). In the first trial, Samonte was sentenced to two ten-year terms of imprisonment for two firearms offenses, to run concurrently with all other sentences. Id. at 511, 928 P.2d at 5. On retrial, Samonte was sentenced to two extended twenty-year terms of imprisonment for the same firearms offenses, to run concurrently with all other sentences. Id. at 513, 928 P.2d at 8. On remand, the court required that Samonte be resentenced to: (1) not more that ten years in each firearms offense and (2) the terms must run concurrently with the remaining counts. Id. at 543-44, 928 P.2d at 37-38.

Applying the definition and principles from Keawe and Samonte, to determine whether a sentence is more severe under HRS § 706-609 we must evaluate each individual sentence as well as the aggregate sentence. Here, while the individual prison terms imposed for each count in the second sentence were identical to

those imposed in the first sentence, due to the imposition of consecutive terms in Canosa's second sentence, the maximum possible imprisonment was increased from twenty to thirty years. Therefore, Canosa's second sentence was more severe and violated HRS § 706-609, and we must remand.

Canosa further argues that his sentence constituted cruel and unusual punishment. Canosa was sentenced to an extended term of twenty years for Burglary in the First Degree. Article I, section 12 of the Hawaiʻi Constitution provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." Generally, a penalty legal under a constitutionally valid sentencing statute is not cruel and unusual. State v. Iaukea, 56 Haw. 343, 359, 537 P.2d 724, 735 (1975). Further, the courts will not interfere with legislative judgment as to the adequate penalty to prevent crime, unless manifestly cruel and unusual. State v. Solomon, 107 Hawaiʻi 117, 131, 111 P.3d 12, 26 (2005). The supreme court has held an extended sentence for Burglary in the First Degree does not amount to cruel and unusual punishment. See State v. Melear, 63 Haw. 488, 500, 630 P.2d 619, 628 (1981). Reviewing the facts and circumstances of this case, in light of developing concepts of decency and fairness, we conclude Canosa has failed to show his sentence was so disproportionate as to shock the conscience or cause outrage to the moral sense of the community. State v. Guidry, 105 Hawaiʻi 222, 237, 96 P.3d 242, 257 (2004).

4. The Circuit Court did not plainly err in admitting witness testimony of a prior crime during the post-trial sentencing hearing. For the first time on appeal, Canosa argues the testimony of the complaining witness from a prior conviction was more prejudicial than probative under HRE Rule 403.[6] Generally, objections to the admission of incompetent evidence not raised at trial are not subject to plain error review. State

---

[6]    HRE Rule 403 provides,

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

v. Metcalfe, 129 Hawai'i 206, 225, 297 P.3d 1062, 1081 (2013). Notwithstanding there was no error. The jury in a post-trial sentencing hearing is tasked with finding facts necessary for imposing an extended term of imprisonment, such as whether a longer term than the statutory maximum is necessary for the protection of the public. State v. Keohokapu, 127 Hawai'i 91, 111, 276 P.3d 660, 680 (2012); see also HRS § 706-662. The witness testified the underlying events that led to a prior Kidnapping conviction, in violation HRS § 707-720 (2014), which was relevant as to whether Canosa posed a danger to the public. Canosa does not dispute the relevance of the testimony or provides argument for why the testimony was unduly prejudicial. As the Hawai'i Supreme Court has noted, "evidence with a capacity for unfair prejudice cannot be equated with testimony simply adverse to the opposing party; for evidence is only material if it is prejudicial in some relevant respect." Kaeo v. Davis, 68 Haw. 447, 454, 719 P.2d 387, 392 (1986). Canosa, therefore, fails to demonstrate the Circuit Court plainly erred in allowing the witness testimony.

Therefore, we vacate the Circuit Court of the First Circuit's June 27, 2016 Judgment of Conviction and Sentence in CAAP-16-0000497 to the extent it imposes consecutive sentences in violation of HRS § 706-609 and remand for resentencing consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, April 20, 2018.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge

8